UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

HOWARD AYERS,

        Plaintiff,

    v.

A. OLLES, *Attica Correctional Facility*,

SGT. PICKERING, *Gowanda Corr. Facility*,

CABRERA, *Correction Counsel/Hearing Officer Gowanda Correctional Facility*,

L. FRIOT, *Correction Counsel Elmira Corr. Fac.*,

MOHAMMED M. AFIFY, *Southport Corr. Facility*,

STEPHEN J. WENDERLICH, *Supt. Southport Correctional Facility*,

        Defendants.

───────────────────────────────

16-cv-00972-LJV
DECISION & ORDER

On December 5, 2016, the *pro se* plaintiff, Howard Ayers, filed a complaint raising claims under 42 U.S.C. § 1983. Docket Item 1. More specifically, Ayers alleged that he had suffered violations of his constitutional rights when he was confined at the Attica, Gowanda, Elmira, and Southport Correctional Facilities ("Attica," "Gowanda," "Elmira," and "Southport," respectively). *Id.* On November 1, 2017, this Court issued a screening order finding that Ayers's complaint did not satisfy Federal Rule of Civil Procedure 8 and granting Ayers leave to file an amended complaint. Docket Item 5.

Ayers filed an amended complaint on November 27, 2017.  Docket Item 6.  The amended complaint alleged that (1) defendants A. Olles and L. Friot violated Ayers's First Amendment right to free speech; (2) defendants Sgt. Pickering, Olles, and Cabrera violated Ayers's First and Fourteenth Amendment right to access the courts; and (3) defendants Mohammed M. Afify and Stephen J. Wenderlich violated Ayers's First Amendment right to freely exercise his religious beliefs.  The Court found that the amended complaint satisfied the screening requirements of 28 U.S.C. §§ 1915(e) and 1915A and directed the United States Marshal to effect service.  Docket Item 8.

On June 30, 2020, defendants Olles, Friot, and Pickering moved to dismiss the First Amendment retaliation claim against Olles and Friot under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[1]  Docket Item 14.  Ayers did not respond to that motion, and his time to do so now has expired.  *See* Docket Item 15.

For the reasons that follow, the Court grants the moving defendants' motion in part.

## BACKGROUND[2]

In 2012, Ayers filed a federal action against several Elmira prison officials, including L. Friot, "correction counsel."  Docket Item 6 at 9.  Ayers subsequently was

---

[1] Defendants Cabrera, Afify, and Wenderlich have not answered or otherwise appeared in this action.  The United States Marshal again attempted service of these defendants on October 13, 2020.  *See generally* Docket.

[2] In evaluating the amended complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (*per curiam*); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.

transferred to Attica.  *Id.* at 10.  On June 5, 2012, at the behest of Friot, defendant A. Olles, a corrections officer, retaliated against Ayers by filing a false misbehavior report alleging that contraband had been found in Ayers's cell.  *Id.*  Olles "made his position clear" by informing Ayers that "if [he] didn't drop the complaint against [d]efendant Friot, . . . [he] would receive more reports no matter what prison he was transferred to within the department of 'DOC[C]S.'"  *Id.*  The Attica charges against Ayers later were dismissed.  *Id.*

Ayers was transferred to the Wyoming Correctional Facility and then to Gowanda on June 2, 2014.  *Id.* at 11.  Olles "resurface[d]" at Gowanda and ordered that Ayers's housing area "be frisked" because Olles was "specifically looking for documents connected to" Ayers's 2012 federal action.  *Id.*  Defendant Sgt. Pickering, a corrections officer, reviewed Ayers's legal documents and, at the direction of Olles, removed four affidavits, sworn by other inmates, that Ayers had intended to file in his federal action. *Id.*  On June 18, 2014, Olles, who still was stationed at Attica, filed a second misbehavior report against Ayers at Gowanda.  *Id.*

On June 24 and 30, 2014, Ayers had a disciplinary hearing, at the end of which he was found guilty and sentenced to 120 days in the special housing unit ("SHU").  *Id.* at 12.  Ayers's appeal of the disciplinary determination was affirmed on December 10, 2014.  *Id.* at 13.  He filed a successful Article 78 petition that resulted in the New York State Supreme Court, Appellate Division, Third Department ("the Third Department") remanding the matter for a new hearing.  *Id.*; *see Ayers v. Venettozzi*, 142 A.D.3d 1204

---

1999); *see also McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations.").

(N.Y. App. Div. 2016).  The Third Department held that a new hearing was required because the court was "unable to ascertain from the record" whether Ayers had been denied, as he claimed, "certain nonconfidential documents at the hearing."  *Ayers*, 142 A.D.3d at 1206.  The Third Department therefore was "precluded from conducting a meaningful review of [Ayers]'s contention that he was improperly denied nonconfidential documents."  *Id.*

On remand, in lieu of a rehearing, the prison administratively dismissed Ayers's charges and expunged them from his record.  *Id.*   The inmate affidavits, which Ayers believes could have changed the outcome of his 2012 action, were never returned and could not be replicated.  *Id.* at 14, 19.

Ayers also contends that, as a practicing Muslim, his free-exercise rights were violated when defendants Afify and Wenderlich denied him religious meals while Ayers was confined in the SHU during the six-day Shawwal fast period.  *Id.* at 15-18.[3]

## **LEGAL PRINCIPLES**

### I.    **LEGAL STANDARD**

To decide a motion to dismiss for failure to state a claim upon which relief may be granted, courts "ask whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The court accepts as true all well-pleaded factual allegations in

---

[3] The present motion addresses neither the access-to-courts nor the free-exercise claims.

the complaint [and] draws all reasonable inferences in favor of the nonmoving party." *Id.* (citation omitted). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). But courts "are not bound to accept as true a legal conclusion couched as a factual allegation," nor will "a formulaic recitation of the elements of a cause of action" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

"[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion [to dismiss], the sufficiency of a complaint is a matter of law that the [C]ourt is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). For that reason, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323.

## II.   STATUTE OF LIMITATIONS

A mix of federal and state law governs the timeliness of actions brought in federal court under section 1983. Federal law "determines when a section 1983 cause of action *accrues.*" *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (emphasis added) (citations omitted). Under federal law, accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citations

omitted).  But "New York's three year statute of limitations . . . governs [when] [section] 1983 actions brought in federal district court in New York" must be *filed.  Jewell v. Cty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing N.Y. C.P.L.R. § 214(2)).  Moreover, "[f]ederal courts . . . apply the New York rule for *tolling* that statute of limitations."  *Id.* (emphasis added) (citation omitted).[4]  Under New York law, this Court may excuse late filing of a section 1983 action only upon a showing that "a different time is prescribed by law or a shorter time is prescribed by written agreement."  *Id.* (citing N.Y. C.P.L.R. § 201).

> New York has codified the circumstances under which a limitations period may be tolled. These include, *inter alia,* periods during which: (1) the commencement of an action has been stayed by court order or by statute; (2) a dispute that is ultimately determined to be nonarbitrable has been submitted to arbitration; (3) the defendant is outside New York when and after a claim accrues against him; and (4) the plaintiff is disabled by infancy or insanity when and after his claim accrues.

*Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir. 1993) (citing N.Y. C.P.L.R. §§ 204(a), 204(b), 207, and 208).  "[A] court may also estop a defendant's assertion of the statute of limitations on the basis of the defendant's misconduct in delaying the plaintiff from prosecuting a legitimate cause of action."  *Id.* (citing *Jewell,* 917 F.2d at 740 n.1; N.Y. C.P.L.R. § 201 cmt. 6).

---

[4] A federal court's power to otherwise toll statutes of limitations borrowed from state law is limited to those situations "where application of the statute of limitations would frustrate the policy underlying the federal cause of action."  *Id.* (citing *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 465 (1975); *Meyer v. Frank,* 550 F.2d 726, 729 (2d Cir. 1977)).  "Use of the New York statute of limitations in [section] 1983 actions does not violate such policy."  *Id.*

## DISCUSSION

The moving defendants argue that Ayers's retaliation claim against Olles and Friot is barred by the applicable three-year statute of limitations.  Docket Item 14 at 3-4.  The Court agrees in part.

According to the amended complaint, Ayers's retaliation claim accrued in June 2012, when Olles and Friot filed false misbehavior charges against Ayers.  Any claims related to those charges therefore needed to be filed before June 2015.  But Ayers did not commence this action until December 2016.  To the extent Ayers might rely on excusal or estoppel to extend his time to file, he has not asserted either doctrine in opposition to the defendants' motion.  Indeed, he has not responded to that motion in any form.  Although this Court must construe pro se pleadings liberally, it is not required to construct fact-specific arguments for litigants out of whole cloth.  The Court therefore agrees with the moving defendants that any claim related to the 2012 disciplinary charges must be dismissed as untimely.

But the Court disagrees that all retaliation claims against Olles must be dismissed.  That is so because the amended complaint describes two separate incidents of retaliation—the June 2012 Attica charges filed by Olles, at the behest of Friot; and the June 2014 Gowanda charges filed by Olles.  Although the former incident is time-barred, the latter is not.  Any claims related to the latter charges therefore may proceed.

## **CONCLUSION**

For the reasons stated above, the moving defendants' motion to dismiss, Docket Item 14, is GRANTED IN PART; the Clerk of Court shall terminate defendant Friot as a defendant to this action.

SO ORDERED.

Dated:  October 16, 2020
        Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE